# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRENTON MCADOO,

       Plaintiff,

v.                                                  Case No. 10-CV-895

SUSAN ROSS, BYRAN BARTOW,
JANE DOE, sued as Official Nurses at
Wisconsin Resource Center,
JERRY, psychiatric care technician supervisor,
DR. J. ALBA, DR. MIKALOWSKY,
and JOHN DOE, sued as All Physicians,

       Defendants.

## ORDER

The plaintiff, a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has been assessed and paid an initial partial filing fee of $10.79.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at the Wisconsin Resource Center. He alleges:

> On July 30, 2010 the nurse working on first shift I think his name was Central Intelligence Agency Bill. He worked on Unit A2. He changed my medication without authorization. He call[ed] other officers

> and forced an injection into my rear end and I think he was coming back to fondle and sexual[ly] assault me in my sleep. I'm a 10 year heterosexual seventh x 3 21 league seventh. He didn't have permission from my doctor either.

(Complaint ¶ IV.A.) The plaintiff asserts, "I want purgatory and compulsatory [sic] if he wanted to have sex with me. Now purgatory means he wanted to have sex with a triple seventh son Christ child symbolically for millennium purposes." (Complaint ¶ IV.B.) He seeks, "$5000.00 for the rape of my mind, biology and sex and $5000.00 for the rape of my daughters inside the prison during sexual therapy." (*Id.*) The plaintiff also seeks, "$10,000.00 for violating my body by forcing the injecting needle into my buttocks and trying to commit me with tranquilizers every month to gang rape the hell out of me because I'm Elijah Trenton Poole Jr. the Supreme Christ Child of Elijah Muhammad." (Complaint ¶ V.)

A district court may dismiss a claim when it is based on allegations that are "obviously and knowingly false." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Edwards v. Snyder*, 478 F.3d 827, 829-30 (7th Cir. 2007). A suit may be dismissed "because the facts alleged are so . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney*, 302 F.3d at 774 (citing, e.g., *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990)). In other words, "no evidentiary hearing is

required in a prisoner's case (or anyone else's, for that matter) when the factual allegations are incredible." *Gladney*, 302 F.3d at 774 (citations omitted).

This standard is met in this case. The plaintiff's allegations are fantastic and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Consequently, this case may not proceed. *Gladney*, 302 F.3d at 775 (citing *Okoro v. Bohman*, 164 F.3d 1059, 1062-64 (7th Cir. 1999) ( "a frivolous suit does not engage the jurisdiction of the district court")). *See also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #10) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $328.34 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge